**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Aquileo Melchor-Zaragoza, | ) | No.   CR 01-17-PHX-JAT |
| Petitioner, | ) | CV 04-2766-PHX-JAT (LOA) |
| vs. | ) | **ORDER** |
| The United States of America, | ) | |
| Respondent. | ) | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus which he filed on December 3, 2004 (Doc. #290) pursuant to 28 U.S.C § 2255. On August 30, 2005, the Magistrate Judge to which the Petition was assigned issued a Report and Recommendation (Doc. #307) recommending that the Petition be denied. On September 19, 2005, Petitioner filed objections to the Report and Recommendation (Doc. #309).

**Review of Report and Recommendation**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). Because objections were filed to all aspects of the Report and Recommendation, the Court will conduct a *de novo* review.

**Claims in the Petition**

First, Petitioner incorporates the factual and procedural background section of his underlying case and conviction as recounted by the Magistrate Judge at pages 1-3 of the Report and Recommendation. *See* Objections at 1. Accordingly, this Court accepts and adopts this portion of the Report and Recommendation. Next, Petitioner objects to the Magistrate Judge's conclusion with respect to each of Petitioner's claims.

**Claims 1, 2, and 4**

Petitioner's claims 1, 2 and 4 are based on *Apprendi*, *Blakely*, and *Ameline* (*Ameline* being the Ninth Circuit Court of Appeals case interpreting the what is required after *Booker*). As discussed above, this case is before this Court as a habeas petition. None of the cases on which Petitioner relies create an avenue of relief for cases in the habeas context. *United States v. Sanchez-Cervantes*, 282 F.3d 664, 671 (9th Cir. 2002) (*Apprendi*); *Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004) (*Blakely*); and *United States v. Cruz*, 423 U.S. 1119, 1119 (9th Cir. 2005) (*Booker*). Accordingly, Petitioner's claims 1, 2, and 4 will be denied.

**Claim 5**

In claim 5, Petitioner argues duplicity with respect to counts one and two of the indictment under which he was charged and convicted.

**Count 1 of the Indictment**

Petitioner claims count 1 of the indictment is duplicitous because it charges him under two statutes, each of which has a conspiracy section. Petitioner goes on to argue that reading these two statutes together, there would be five or more possible charges of conspiracy as part of count 1. In his objections, Petitioner cites no law and makes no argument as to why the indictment cannot allege multiple statutes that may be violated by the same conspiracy. Additionally, this Court agrees with the conclusion of the Report and Recommendation that it is clear from the verdict form that the jury convicted Petitioner of a single conspiracy with respect to count one, which was conspiracy to commit hostage taking. Accordingly, the Petition will be denied on the duplicity theory as it relates to count 1.

**Count 2 of the Indictment**

Petitioner argues that count 2 of the indictment is also duplicitous because it entwines "conspires and attempts" language from 18 U.S.C. § 1203 with the "aiding and abetting" language of 18 U.S.C. § 2. The Magistrate Judge concludes that this charging methodology is not duplicitous because it merely clarifies that Petitioner is not being charged solely for his role as a conspirator, but also as a principal for aiding and abetting. Petitioner objects stating, "In reading the structure of Counts One, Two, Three and Four with the district court's instructions, and the lack of specific verdicts... it becomes clear that the convictions violate the Fifth and Sixth Amendments." Objections at 9.

Thus, Petitioner appears to be urging this Court to review the first four counts of the indictment, the jury instructions, and the verdict forms to determine if taking them all together there is a violation of the Fifth and/or Sixth Amendment. Such a general objection makes it very difficult for the Court to pinpoint the basis for the objection to the Magistrate Judge's conclusion in the Report and Recommendation. However, after considering the issue *de novo*, the Court agrees with the Magistrate Judge that the verdict forms make clear that Petitioner was convicted on count one of conspiracy to commit hostage taking, and on count two of hostage taking. Therefore, the Court finds that the indictment was not duplicitous and relief on this basis with respect to counts 1 and 2 will be denied.

**Claim 6**

In claim 6, Petitioner argues that the indictment is multiplicitous because Petitioner posits that he engaged in a single plan or scheme, but he was convicted of separate counts relating to that plan and scheme. As the Report and Recommendation recounts, a person can be convicted of multiple crimes for a single act, or series of actions, so long as each offense requires proof of a fact that the other does not. *See U.S. v. Alerta*, 96 F.3d 1230, 1237-39 (9th Cir. 1996)(citing *Blockburger v. U.S.*, 284 U.S. 299, 304 (1932)) *overruled on other grounds*, *U.S. v. Nordby*, 225 F.3d 1053 (9th Cir. 2000); *Albernaz v. U.S.*, 450 U.S. 333, 344, n.3 (1981) ("It is well settled that a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause. This is true though the

'single transaction' is an agreement or conspiracy."); Report and Recommendation at 17; *compare Albernaz*, 450 U.S. at 337-38 (upholding consecutive sentences for two conspiracy charges arising from a single conspiracy having dual objectives) *with Launius v. U.S.*, 575 F.2d 770, 771, n.1 (9th Cir 1978) (finding multiplicitous two counts of conspiracy arising from one drug smuggling venture when each count alleged the same conspiracy) *and Alerta v. U.S.*, 96 F.3d 1230, 1239 (9th Cir. 1996) *overruled on other grounds*, *U.S. v. Nordby*, 225 F.3d 1053 (9th Cir. 2000) (finding multiplicitous two counts of conspiracy for the same conduct when one charged a conspiracy in violation of the general conspiracy statute (18 U.S.C. § 371) and one charged a conspiracy in violation of the specific conspiracy section of the statute at issue (21 U.S.C. § 846)).[1]

Specifically, Petitioner objects that count 1 charged him with conspiracy to commit hostage taking, count 3 charged him with conspiracy to harbor illegal aliens, and count 4 charged him with concealing, harboring and shielding from detection illegal aliens, but that all of these counts arise from a single act. After reviewing the jury instructions (*see* R&R at 17-18), the Court agrees with the Report and Recommendation that each of these 3 counts requires elements that are different from the other counts. Specifically, each conspiracy relates to a different statutory offense, and conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy. *See American Tobacco Co. v. U.S.*, 328 U.S. 781, 789 (1946). Therefore, considering these three counts together, the Court finds that indictment is not multiplicitous, and relief on claim 6 will be denied.

**Claim 7**

In claim 7, Petitioner argues that there was a constructive amendment to the indictment with respect to the "duplicitous" offenses charged in count 1, and the "multiplicitous" conspiracy charges discussed in claim 6 (which would presumably be a

---

[1] In essence, the charging at issue in *Alerta* is the same type of charging to which Petitioner objects with respect to count 1 (claim 5) in this case. However, while count 1 charged a violation of both the general conspiracy statute of the specific conspiracy section of the statute at issue in this case, because it was ONLY a single count, unlike *Alerta*, the charging in count 1 did not run afoul of *Alerta*.

- 4 -

repeat of count 1, and then include counts 3 and 4). The Report and Recommendation concludes that the theory of claim 7 repeats what the Report and Recommendation had already discussed in claims 5 and 6. Petitioner objects stating, "the indictment was constructively amended in violation of the Fifth and Sixth Amendment. This claim does indeed rely on the theories advanced in claims five and six, and despite the fact that the Magistrate has erroneously concluded that these claims lack merit, [Petitioner] asserts that these claims do not lack merit and, therefore, do not fail. ... [Petitioner] begs the court to evaluate the merits of his arguments before ceremoniously denying them." Objections at 12.

The Court agrees with the Report and Recommendation, as agreed to in the Objections, that because claim 7 relies on the theories of claims 5 and 6, and because the theories of claims 5 and 6 have already been evaluated and rejected on the merits, claim 7 is also rejected. Moreover, in his Objections, Petitioner fails to assert any theory or argument for how this "constructive amendment" claim could entitle him to relief despite claims 5 and 6 being rejected. Accordingly, relief based on "constructive amendment" will be denied.

**Claim 8**

In claim 8, Petitioner argues that the indictment was incorrect in the wording of the charge under 18 U.S.C. § 924, and that the jury instructions (which did not use the exact same language as the indictment) amended the indictment. Petitioner relies on *U.S. v. Combs*, 369 F.3d 925, 934 (6th Cir. 2004). Basically, Petitioner argues that 18 U.S.C. § 924(c)(1)(A) creates two separate and distinct offences: 1) <u>using or carrying</u> a firearm *during and in relation to* a crime of violence or 2) <u>possessing</u> a firearm *in furtherance of* a crime of violence. *See* Report and Recommendation at 19-22. The indictment in this case said, "defendant did <u>possess, carry and brandish</u> a firearm *during and in relation to* a crime of violence." In *Combs*, the Sixth Circuit agreed with Petitioner that these two sets of verbs could not be mixed and still be construed to charge a crime under Federal law. However, while *Combs* may be persuasive authority, it is not binding in this circuit.

As the Report and Recommendation notes, the Ninth Circuit Court of Appeals has stated that, "when the sufficiency of the indictment is challenged after trial it is only required

- 5 -

that the necessary facts appear *in any form* or *by fair construction* can be found within the terms of the indictment." *U.S. v. James*, 980 F.2d 1314, 1317 (9th Cir. 1992) (internal citations and quotations deleted). Specifically,

> An essential purpose of an indictment is to give a defendant notice of the charge so that he may defend or plead his case adequately. *Id*. Generally, the failure of an indictment to detail each element of the charged offense constitutes a fatal defect. *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979). A claim of a defective indictment can be raised at any time, but "[c]hallenges [should] be made at the earliest possible moment.... [I]ndictments which are tardily challenged are liberally construed in favor of validity." *United States v. Pheaster*, 544 F.2d 353, 361 (9th Cir. 1976), *cert. denied, Inciso v. United States*, 429 U.S. 1099 (1977). Furthermore, tardy challenges to an indictment must be "construed according to common sense." *Normandeau*, 800 F.2d at 958 (internal quotations omitted). A "minor or technical deficiency" in the indictment will not reverse a conviction if there is no prejudice. *Id*.

*Id.* at 1316.

In this case, the Court agrees with the Report and Recommendation, that at this stage, on habeas, the fact that the language of the statute was combined into one sentence does not render the indictment defective.

Next, Petitioner argues that the jury instructions constructively amended the indictment with respect to this charge. The jury instructions stated that Petitioner was, "charged with possessing, carrying, or brandishing a firearm during and in relation to hostage taking, or possessing a firearm in furtherance of hostage taking, in violation of 924(c) of Title 18 of the United States Code." However, in the verdict form, the jury specifically found the Defendant guilty of "<u>Use</u> of a firearm *in relation to* a crime of violence," "<u>Carrying</u> a firearm *in relation to* a crime of violence" and "<u>Brandishing</u> a firearm *in relation to* a crime of violence" (emphasis added). Therefore, to the extent the jury instructions may have allowed a guilty finding based on <u>possession</u> *in relation to* (but the statute states <u>possession</u> *in furtherance of*), the verdict form makes clear that Petitioner was found guilty of using and possessing in relation to a crime of violence, consistent with the language of the statute. Accordingly, Petitioner suffered no prejudice and this claim for relief will be denied.

### Claims 3 and 9 - Ineffective Assistance of Counsel

Under *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny, "[a]n ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. To establish deficient performance, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal citations and quotations omitted). A deficient performance is one that is "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. In order to show prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Without specifics that cause the court to have such doubts, a claim of ineffective assistance of counsel must be denied. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (noting that petitioner needs to "identify what evidence counsel should have presented" to show his innocence).

### Claim 3 - *Apprendi* issue

Petitioner claims that his counsel was ineffective for failing to raise and preserve for appeal an *Apprendi* issue. The Report and Recommendation recounts, however, all of counsel's oral and written motions on the *Apprendi* issue. Report and Recommendation at 24-25. In his objections, Petitioner contends that counsel did not "vigorously" argue the issue before the district court. Because counsel raised and argued the issue about which Petitioner complains, Petitioner fails to meet the standard of *Strickland*.

### Claim 9

In claim 9, Petitioner argues that his counsel was ineffective because counsel failed to raise the claims Petitioner now raises on habeas, specifically, claims 5-8. The Court has considered claims 5-8 on the merits, as discussed above, and has determined that Petitioner is not entitled to relief on those claims. Therefore, the Court finds that Petitioner cannot meet the test of *Strickland* because as a matter of law the claims themselves fail on their merits.

*See Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.").

**Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. #307) is accepted and adopted as specified above, the Objections are overruled (Doc. #309); the Petition (Doc. #290) is denied, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

DATED this 30th day of November, 2005.

James A. Teilborg
United States District Judge