1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9    Aquileo Melchor-Zaragoza,                 CV-16-04586-PHX-JAT
                                               CR-01-0017-PHX-JAT
10              Movant/Defendant,
                                               **ORDER**
11   v.

12   USA,

13              Respondent/Plaintiff.

14

15          Pending before the Court is the Second Amended Report and Recommendation

16   ("R&R") from the Magistrate Judge to whom this case was assigned recommending that

17   the Motion to Vacate, Set Aside or Correct Sentence ("Motion") in this case be denied

18   because it is barred by the statute of limitations. (Doc. 30). Neither party has objected to

19   this conclusion as it relates to *Johnson* and 28 U.S.C. § 2255(f)(3) (the one-year statute of

20   limitations for § 2255 motions begins to run from the "date on which the right asserted was

21   initially recognized by the Supreme Court").[1]

22          Nonetheless, Movant has filed a document called an objection urging this Court to

23   accept the recommendation that a certificate of appealability be granted because Movant

24   argues he is actually innocent, and his motion is timely for that reason. (Doc. 31).

25   Respondent has replied to the objection and takes no position on the certificate of

26   appealability issue. (Doc. 32).

27   ───────────────
     [1] As the R&R details, the Supreme Court in *Johnson* declared 18 U.S.C. § 924(e)(2)(B)(ii)
28   unconstitutionally vague. (Doc. 30 at 6-7). Movant was sentenced under 18 U.S.C. §
     924(c). (Doc. 30 at 7). Thus, for *Johnson* to apply to Movant's case, it would have to be
     by an expansion of *Johnson*. *See* (Doc. 30 at 7-11).

1    **I.      Legal Standard**

2           This Court "may accept, reject, or modify, in whole or in part, the findings or

3    recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  It is "clear that

4    the district judge must review the magistrate judge's findings and recommendations *de*

5    *novo if objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d

6    1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263

7    F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that

8    *de novo* review of factual and legal issues is required if objections are made, 'but not

9    otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d

10   1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the

11   [Magistrate Judge's] recommendations to which the parties object.").  District courts are

12   not required to conduct "any review at all . . . *of any issue* that is not the subject of an

13   objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C.

14   § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report

15   and recommendation] to which objection is made.").

16   **II.     Motion**

17          **A.      Background**

18          The R&R recounted the factual and procedural background of this case at pages 1-

19   5.  (Doc. 30).  Neither party objected to this portion of the R&R and the Court adopts it.

20          **B.      28 U.S.C. § 2255(f)(3)**

21          The R&R applied *United States v. Blackstone*, 903 F.3d 1020 (9th Cir. 2018) to

22   determine that the Motion in this case is not timely under 28 U.S.C. § 2255(f)(3).  (Doc.

23   30 at 13-14).  Neither party objected to this recommendation and the Court adopts it.

24          **C.      Actual Innocence**

25          The R&R addressed whether the actual innocence exception to the statute of

26   limitations would make the Motion in this case timely.  (Doc. 30 at 14-17).  The R&R

27   concluded that because Movant is arguing legal innocence, not factual innocence, Movant

28   does not qualify for the actual innocence gateway around the statute of limitations.  (*Id*.).

1    In his objections, Movant's entire argument is: "Mr. Melchor's contention that his

2    motion is timely because he is actually innocent of the § 924(c) count has sufficient merit

3    to warrant further review by the court of appeals, and so he respectfully asks the Court to

4    accept the magistrate judge's recommendation to certify the denial of his § 2255 motion

5    for appeal if it should accept the his conclusion that his motion is untimely because of

6    *Blackstone*." (Doc. 31 at 2).  It is unclear whether this sentence is an "objection" to the

7    R&R's recommendation on actual innocence.  Nonetheless the Court will consider the

8    issue de novo.

9    The R&R concludes that to qualify for the actual innocence gateway around the

10   statute of limitations, Movant must be alleging factual innocence, not legal innocence.

11   (Doc. 30 at 14-17).  Movant does not dispute that he is arguing legal innocence.  The R&R

12   also notes that Movant may not be able to qualify for the actual innocence gateway because

13   even if the residual clause of § 924(c) is constitutionally invalid, Movant may still be

14   legally guilty under the force clause of § 924(c) as a hostage-taker.  (Doc. 30 at 15 n 2).

15   This Court agrees with the R&R that a claim of actual innocence for purposes of the

16   gateway around the statute of limitations must be based on factual innocence, not legal

17   innocence.  (Doc. 30 at 15-16).  To hold otherwise would likely render § 2255(f)(3)

18   superfluous.   Accordingly, the Court adopts the R&R's conclusion that Movant cannot

19   show actual innocence to overcome the statute of limitations bar and relief will be denied.[2]

20   **III.    Certificate of Appealability**

21   The R&R recommends that this Court grant a certificate of appealability.  (Doc. 30

22   at 18-19).  Neither party has objected to this recommendation and the Court hereby adopts

23   it as specified below.

24   **IV.    Conclusion**

25   Based on the foregoing,

26   **IT IS ORDERED** that the Second Amended Report and Recommendation (Doc.

---

27   [2]  Like the R&R, because this Court has determined that Movant's legal challenge to his
28   sentence does not qualify for the actual innocence gateway, this Court has not reached the
     issue of whether his actual innocence claim would alternatively fail under the force clause
     of § 924(c).

- 3 -

30) is accepted and adopted. The Motion in this case is denied, with prejudice, because it is barred by the statute of limitations and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed in forma pauperis on appeal is granted on the issue of whether Movant should qualify for the actual innocence gateway around the statute of limitations on his theory of legal innocence. A certificate of appealability is denied in all other respects.

Dated this 2nd day of April, 2019.

James A. Teilborg
Senior United States District Judge